William A. Taylor, III Cowley County Counselor P.O. Box 731 Winfield, Kansas 67156
Dear Mr. Taylor:
As Cowley county counselor, you have requested our opinion regarding the ability of Cowley county to obtain funds necessary to support the maintenance of an abandoned cemetery.
As your letter indicates, the Memorial Lawn Cemetery, a private cemetery corporation, was declared abandoned by the district court of Cowley county and was turned over to Cowley county on January 14, 1994, pursuant to K.S.A. 17-1367 (Case No. 93-C39-A). K.S.A.17-1367 states in relevant part as follows:
 "Upon the dissolution of such corporation, title to all property owned by the cemetery corporation shall vest in the municipality in which the cemetery is located, and the permanent maintenance fund . . . shall become the property thereof. Upon the transfer of such property funds, the governing body of such municipality shall care for and maintain such cemetery with any moneys of the cemetery corporation including the principal of and income from the permanent maintenance fund and, if such moneys are insufficient to properly maintain such cemetery, with funds of the municipality. . . ." (Emphasis added).
You inform us that there are insufficient funds in the cemetery's maintenance fund and no income generated by the sale of lots in the cemetery. Therefore, the maintenance of the abandoned cemetery must be funded by the municipality.
K.S.A. 19-3106 provides for one source of revenue for the care of abandoned cemeteries or burial places:
 "In any county in this state in which there is located a cemetery or other burial place in which three or more human bodies have been interred, and which cemetery or burial place has been abandoned and not cared for, for a period of at least five years, the board of county commissioners of said county is hereby authorized to provide for the care of such cemetery or burial place. For the purpose of providing funds for such care . . . the board of county commissioners is authorized to make an annual tax levy not to exceed the limitation prescribed by K.S.A. 1979 Supp. 79-1947, on all taxable property of said county." (Emphasis added).
K.S.A. 79-1947 provides the authority for the board of commissioners of the county to fix a rate of .10 mill annually for the purpose of funding the maintenance of abandoned cemeteries pursuant to K.S.A. 19-3106. The
January 14, 1994 journal entry in case no. 93-C39-A declared the cemetery abandoned pursuant to K.S.A. 17-1367. K.S.A. 17-1366 defines abandoned cemetery, as used in that act, as follows:
 "(a) `Abandoned cemetery' means any cemetery owned by a corporation . . . in which, for a period of at least one year, there has been a failure to cut grass or weeds or care for graves, grave markers, walls, fences, driveways and buildings or for which proper records have not been maintained and annual reports made to the secretary of state. . . ."
K.S.A. 19-3106 requires the cemetery to be abandoned for at least five years, but does not specifically define "abandoned" for the purposes of the act. It is a well recognized rule of statutory construction that ordinarily identical words used in different statutes on a specific subject are interpreted to have the same meaning in the absence of anything that indicates a different meaning was intended. T-BoneFeeders, Inc. v. Martin, 236 Kan. 641, 648 (1985). In our opinion the definition may be used for purposes of K.S.A. 19-3106. Therefore, the municipality can issue a .10 mill tax levy to fund the maintenance of the cemetery, if they can show that the cemetery has been abandoned within the meaning of K.S.A. 17-1366 for the past five years and if they have not reached their levy limit.
Another issue arises as to whether K.S.A. 19-3106 operates exclusive of K.S.A. 17-1367. K.S.A. 17-1367 authorizes the transfer of the abandoned cemetery's title to the county, while K.S.A. 19-3106 provides a procedure to fund the maintenance and care of the abandoned cemetery without mentioning transfer of its ownership title. However, there is no indication in the language of K.S.A. 19-3106 which compels us to believe the legislature intended for this funding procedure to be limited in this way. In determining legislative intent, courts may look into causes which impel the statute's adoption as well as the objective sought to be obtained. Hughes v. Inland Container Corp., 247 Kan. 407, 414 (1990). The purpose behind both statutes is providing maintenance and care to abandoned cemeteries. Therefore, if the abandoned cemetery is transferred to the municipality, pursuant to K.S.A. 17-1367, without a maintenance fund or any means to generate revenue, it seems consistent with this policy to allow the municipality to acquire the necessary funds pursuant to K.S.A. 19-3106.
In conclusion, an abandoned cemetery transferred to a municipality pursuant to K.S.A. 17-1367 must be cared for and maintained by the municipality using the moneys of the preexisting cemetery corporation. If such funds are insufficient, then the funds must be provided by the municipality. K.S.A. 19-3106 authorizes the board of county commissioners to make an annual tax levy not to exceed .10 mill for the purpose of funding the support of an abandoned cemetery, if it has been abandoned for at least five years.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas